Robert L. Hamilton City Attorney City of Orlando
QUESTION:
May the Police Pension Board of Trustees pay a cost of living allowance to a retired police officer receiving pension benefits under an existing pension fund without violating the prohibition against extra compensation in s. 215.425, F.S.?
SUMMARY:
 Absent legislative authority, the City of Orlando Police Pension Board of Trustees may not pay a cost of living allowance to a retired police officer receiving benefits under the pension fund without violating the prohibition against extra compensation in s. 215.425, F.S.
You state that the City of Orlando Police Pension Board of Trustees (board) has proposed a cost of living allowance for police officers who have retired and are receiving pension benefits from the police pension fund. The pension fund was created by Ch. 22414, 1943, Laws of Florida. You have not directed my attention to, nor have I found, any provision in Ch. 22414, 1943, Laws of Florida, or any of its subsequent amendments, which allows the board to grant a cost of living allowance to retirees who are already receiving benefits under the plan.
Section 215.425, F.S., as amended by Ch. 92-90, Laws of Florida, provides in part:
No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by bill passed by two-thirds of the members elected to each house of the Legislature. . . . The provisions of this section also do not apply to extra compensation given to county or municipal employees pursuant to policies adopted by county or municipal ordinances.
In AGO 89-53, this office interpreted s. 215.425, F.S., to preclude a city from establishing an annuity for a retired city employee who was already receiving pension benefits under an existing city pension plan, since the annuity would be extra compensation for work already performed. The opinion concluded that retroactive extra compensation, lump sum allowances or other forms of compensation not provided for by law or contract are prohibited by s. 215.425, F.S. In the instant situation, it would appear that the granting of a cost of living allowance which was not contemplated in the legislation creating the pension plan would also be "extra compensation" prohibited by s. 215.425, F.S.
While s. 215.425, F.S., was amended after the issuance of AGO 89-53 to allow counties and municipalities to give "extra compensation" to county and municipal employees pursuant to policies adopted by ordinance, the simultaneous amendment of ss.125.01 and 166.021, F.S., shows that the allowed "extra compensation" is limited to bonus payments which may not be included in the employee's base pay or be carried forward in subsequent years.[1] The amendment to s. 214.425, F.S., there-fore, does not alter the conclusion in AGO 89-53 that "extra compensation" may not be paid to retirees participating in a retirement program.
Accordingly, absent statutory authority in the legislation creating and controlling the City of Orlando Police Pension Fund or any other statutory authority, the board of trustees may not grant a cost of living allowance to a retiree receiving benefits from the fund.
[1] See, ss. 1 and 2, Ch. 92-90, Laws of Florida.And see, Senate Staff Analysis, SB 616, Economic, Consumer and Community Affairs Committee, January 14, 1992, indicating that the effect of the proposed changes would allow lump-sum bonus payment programs to reward outstanding employees whose performance exceeds standards.